[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10992
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-01427-LCB


F.R.,
as parent and next friend of B.C., a minor,

                                        Plaintiff - Appellant,

versus

WALTER B. GONSOULIN, JR.,
in his official capacity and as representative of
Jefferson County Board of Education,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 20, 2021)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Plaintiff-appellant F.R., as parent and next friend of B.C., appeals the district court's dismissal of her complaint against defendants-appellees Dr. Walter Gonsoulin, in his official capacity as representative of the Jefferson County Board of Education, and the Jefferson County Board of Education (collectively, the Board). F.R. filed suit against the Board, alleging that B.C. was denied enrollment at McAdory High School in violation of the McKinney-Vento Homeless Assistance Act, 42 U.S.C. §§ 11431–11435. For the following reasons, we affirm the district court's dismissal of the complaint.

**I.**

Because we write for the parties, we assume familiarity with the facts and only set out those necessary to decide this appeal. In 2018, F.R., B.C., and F.R.'s three other children lived in Bessemer, Alabama. However, in September of 2018, F.R. experienced financial hardships that ultimately led to the family moving out of their home in Bessemer and becoming homeless. Subsequently, B.C. attempted to enroll at McAdory High School (McAdory) for the 2019–2020 school year, but he was denied enrollment.

F.R. filed a complaint as B.C.'s "parent and next friend"—on behalf of B.C., who was a minor at the time—on August 29, 2019. The complaint alleged that the Board denied B.C. enrollment in public school in violation of the McKinney-Vento Homeless Assistance Act (McKinney-Vento Act). The complaint requested a

declaratory judgment that the Board violated B.C.'s rights, a preliminary and permanent injunction admitting B.C. to McAdory, that the Board develop better policies to ensure compliance with the McKinney-Vento Act, and attorneys' fees.

On August 29, 2019, the same day F.R. filed the complaint, the district court conducted a telephone conference with the parties, and the Board ultimately agreed to admit B.C. to McAdory. On October 17, 2019, the Board filed a motion to dismiss the complaint. The district court granted the Board's motion to dismiss and denied F.R.'s motion for declaratory relief. The court dismissed the case as moot, finding that the Supreme Court decision in *DeFunis v. Odegaard*, 416 U.S. 312 (1974) (per curiam), controlled this case.[1] F.R. filed a motion to set aside the court's decision, arguing that two of the mootness exceptions—capable of repetition, yet evading review, and voluntary cessation—applied. The court denied F.R.'s motion. This appeal followed. While this case was pending on appeal, B.C. graduated from McAdory and is no longer a minor.

## II.

---

[1] In *DeFunis*, Marco DeFunis sued the University of Washington Law School claiming that it violated his right to equal protection when it denied him admission. 416 U.S. at 312. The state trial court found for DeFunis and issued an injunction requiring the school to admit him as a law student. *Id.* at 315. The Washington Supreme Court reversed the trial court and DeFunis petitioned for writ of certiorari. *Id.* By the time the United States Supreme Court heard the case, DeFunis was already enrolled in his last semester of law school. Accordingly, the Court found that the case was moot, reasoning that any decision it might reach on the merits of the case would not affect DeFunis, who would complete law school at the end of the term. *Id.* at 319–20.

We review questions of justiciability, including mootness, de novo. *Coral Spring St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004).

## III.

As an initial matter, B.C. is the true party to this suit and because B.C. is now a legal adult, F.R. no longer has standing to bring this appeal as "next friend." Under Alabama law, when a person turns 19 years old they are no longer considered a minor. Ala. Code § 26-1-1. B.C., as the named plaintiff who reached the age of majority, can now control his case, and F.R. no longer holds a representative role. Consequently, we evaluate mootness as it relates to B.C., the named party, not F.R.

The Constitution limits federal court's jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2. The mootness doctrine "is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). Cases become moot when there is no longer a live controversy or if "the parties lack a legally cognizable interest in the outcome." *Id.* In light of B.C.'s graduation from high school, he no longer has a continuing interest in the declaratory and injunctive relief that he seeks, and the case is thus moot unless an exception to the mootness doctrine applies. *See, e.g.*, *Troiano v. Supervisor of Elections in Palm Beach Cnty.*, 382 F.3d 1276, 1282–83 (11th Cir. 2004). The two

4

exceptions at issue here are referred to as "voluntary cessation" and "capable of repetition, yet evading review." F.R. argues that both exceptions apply in this case. We disagree and affirm the district court.[2]

**A. Voluntary Cessation**

Under the "voluntary cessation" doctrine, a defendant cannot unilaterally render a case moot by the simple expedient of voluntarily ceasing its allegedly illegal conduct after suit has been filed. *See id.* at 1282–83. Instead, "the voluntary cessation of challenged conduct will only moot a claim when there is no 'reasonable expectation' that the accused litigant will resume the conduct after the lawsuit is dismissed." *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Georgia*, 633 F.3d 1297, 1309 (11th Cir. 2011).

F.R. argues that the voluntary cessation doctrine applies here, characterizing the Board's decision to allow B.C. to enroll in the high school of his choice as an attempt to avoid liability by temporarily conforming its conduct to the law. She argues that the district court erred in relying on *DeFunis* to reject her voluntary-cessation argument because the defendant in that case ceased its illegal conduct in response to a court ordered stay; it did not do so voluntarily. Here, however, this

---

[2] While this case was pending on appeal B.C. graduated from McAdory. Subsequently, the Board filed a motion to dismiss, claiming that B.C.'s graduation was an intervening event that mooted the case. We carried this motion with the case because B.C.'s graduation did not change the district court's analysis or materially change our review of the order on appeal. Because we affirm the district court's dismissal of the case, we deny the Board's motion to dismiss on appeal.

distinction makes no difference. That is because, as in *DeFunis*, "mootness in the present case depends not at all upon a 'voluntary cessation' of the admissions practices that were the subject of this litigation." *DeFunis*, 416 U.S. at 318. As was the case in *DeFunis*, it is the fact that the plaintiff has already been afforded the relief that he sought—the opportunity to attend the school of his choice through graduation—that has removed from the dispute any actual controversy between the parties. *See id.*

The question of whether the Board's decision to admit B.C. to McAdory represented a permanent change in its policies or merely a temporary one no longer matters; since B.C. has already attended and graduated from that very school, our resolution "of the legal issues tendered by the parties is no longer necessary to compel that result, and could not serve to prevent it." *Id.* at 317. "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

For these reasons, we find that the voluntary cessation doctrine does not apply here.

**B. Capable of Repetition, Yet Evading Review**

To demonstrate that a case is capable of repetition, yet evading review, the plaintiff must show "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Adler*, 112 F.3d at 1477–78 (alterations adopted).

F.R. argues that this case meets the first requirement because "the time a minor has to attend school is limited and a particular student could graduate before the challenged government agency's conduct . . . could be determined to have violated his/her federally guaranteed rights."  And, according to F.R., the second requirement is also met because F.R. has standing under the McKinney-Vento Act and this situation could recur with her three other children, who are still minors. She also claims *DeFunis* is distinguishable from this case because that case was about law school admission and there is no guaranteed right to attend law school but there is a right to free public education for children, and because F.R. herself has standing to bring this claim.

This case does not fall within the capable of repetition, yet evading review exception.   F.R's argument that *DeFunis* is different because there is a guaranteed right to attend high school, but not law school, fails to recognize that DeFunis was suing under his constitutional right to equal protection.  Therefore, this distinction

7

does not affect the applicability of *DeFunis* to this case.  And her argument that she has standing to bring this suit herself fails to recognize that B.C. is the real party to this suit.  To this end, her arguments regarding how she and her other minor children will be affected are not relevant.  Under this exception the plaintiff must show "the same complaining party"—in this case, B.C.—will be subjected to the allegedly unlawful action again.  *Adler*, 112 F.3d at 1478.  F.R. cannot demonstrate B.C. will be subject to this action again as he has already graduated from McAdory.  Therefore, just like in *DeFunis*, the capable of repetition, yet evading review doctrine does not apply here.

## IV.

Because we find that this case is moot and no exception to the mootness doctrine applies, we affirm the district court's order dismissing this suit.

**AFFIRMED**.

8